# EXHIBIT B-2

| | |
|---|---|
| DOUGLAS COUNTY DISTRICT COURT, STATE OF COLORADO<br>Court Address: Douglas County Justice Center<br>4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109<br><br>Phone Number: 303-663-7200 | EFILED Document<br>CO Douglas County District Court 18th JD<br>Filing Date: Mar 29 2013 11:31AM MDT<br>Filing ID: 51390784<br>Review Clerk: Michelle Mock |
| Plaintiff: MICHAEL LEVY<br><br>v.<br><br>Defendants: HOME DEPOT U.S.A, INC. d/b/a, THE HOME DEPOT, d/b/a HOME DEPO CO USA. | |
| David W. Krivit, No. 25916<br>BACHUS & SCHANKER, L.L.C.<br>1899 Wynkoop Street, Suite 700<br>Denver, Colorado 80202<br>Attorneys for Plaintiff<br>Phone Number: (303) 893-9800<br>Fax Number: (303) 893-9900<br>E-mail address: dkrivit@coloradolaw.net | Case Number:<br><br>Courtroom: |
| CIVIL COMPLAINT AND JURY DEMAND | |

PLAINTIFF Michael Levy, by and through his undersigned counsel, Bachus & Schanker, LLC, provides his Civil Complaint as follows:

### JURISDICTION AND VENUE

1.  Plaintiff is a resident of Elbert County, Colorado.

2.  At all times relevant hereto, Defendant Home Depot U.S.A., Inc. ("Home Depot") was a corporation, doing business in Douglas County, Colorado, with a principal place of business, at 2455 Paces Ferry Rd., Atlanta, GA 30339.

3.  The Home Depot operated Store No. 1516, located at 11111 South Parker Road Parker, CO. 80134.

4. Pursuant to C.R.C.P. 98(c)(5), venue is proper in the District Court for Douglas County.

## FACTUAL ALLEGATIONS

1. On September 26, 2011, Plaintiff was a customer at the Home Depot Store Number 1516, located at 11111 South Parker Road Parker, CO. 80134.

2. While in the store, an employee and/or agent of the Home Depot failed to properly set the brake on a hydraulic lift, which was set on an incline, causing the lift to roll down the incline, out of control, striking Plaintiff.

3. At all times relevant to this action, the Home Depot controlled and maintained all relevant areas, equipment, employees and agents.

4. At all times relevant to this action, the Home Depot had a duty to exercise reasonable care in maintaining its equipment.

5. At all times relevant to this action, the Home Depot had a duty to properly train its employees and agents regarding the safe operation of equipment.

6. Plaintiff was not comparatively negligent in causing the incident.

7. As a direct and proximate result of the incident, Plaintiff suffered injuries, damages, harms and losses.

## FIRST CLAIM OF RELIEF
### (Negligence)

8. Plaintiff incorporates all foregoing allegations.

9. The Home Depot, and/or its agents and employees, knew or should have known that parking the lift on an incline, without applying the brake created a dangerous situation.

10. The Home Depot and/or its agents and employees knew or should have known that without proper training and instruction, serious personal injury could result from the misuse and negligence regarding the lift.

11. It was foreseeable to the Home Depot that customers would be injured if the equipment was not properly operated.

12. The Home Depot owed Plaintiff a duty of care to properly train its employees and agents regarding the equipment and also owed a duty of care to properly operate and maintain the safety of its equipment.

13. The Home Depot breached its duties of care by negligently, carelessly, and without due regard, failing to maintain and monitor its equipment, failing to ensure the safety of its equipment and failing to properly train and monitor its employees and agents.

14. The Home Depot's breach of its duties has directly and proximately caused Plaintiff to incur economic expenses and non-economic, harms, losses and damages.

### SECOND CLAIM FOR RELIEF
### (Statutory Premises Liability Pursuant to C.R.S. § 13-21-115)

15. Plaintiff incorporates all foregoing allegations.

16. The Home Depot is a "landowner" in accordance with C.R.S. § 13-21-115.

17. Plaintiff was an "invitee" in accordance with C.R.S. § 13-21-115.

18. To the extent that Plaintiff's injuries, damages, harms and losses are determined to have been caused by "a condition of real property" or by "activities

conducted or circumstances existing on real property", the Home Depot had a duty to exercise reasonable care to protect Plaintiff against dangers of which the Home Depot actually knew about or should have known about.

19. The Home Depot breached its statutory duties of care to Plaintiff by failing to ensure the safe use and operation of the equipment and by failing to properly train and supervise its employees and agents.

20. As a direct and proximate result of these breaches of statutory duties, Plaintiff has suffered economic and non-economic damages, harms and losses.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined by the trier of fact, for economic and non-economic damages, and for costs, expert witness fees, attorneys' fees, filing fees, pre-judgment interest, and such other and further relief as the Court may deem appropriate, just and proper.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

DATED: March 29, 2013

                              Respectfully submitted,

                              BACHUS & SCHANKER, LLC

                              */Original Signature on File in Attorney's Office/*
                              David Krivit