# EXHIBIT B-6

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO 4000 Justice Way, Suite 2009 Castle Rock, Colorado 80109 | EFILED Document CO Douglas County District Court 18th JD Filing Date: Apr 10 2013 01:09PM MDT Filing ID: 51718407 Review Clerk: Michelle Mock |
| MICHAEL LEVY, Plaintiff, vs. HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, d/b/a HOME DEPO CO USA., Defendant. | ▲ COURT USE ONLY ▲ |
| Attorney for Defendant Home Depot U.S.A., Inc.: Arthur K. Smith Law Offices of Arthur K. Smith 507 Prestige Circle Allen, Texas 75002 Telephone: (469) 519-2500 Facsimile: (469) 519-2555 Atty. Reg. # 41703 | Case Number: 2013cv600 Courtroom: 5 |

## ORIGINAL ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND

COMES NOW Home Depot U.S.A., Inc. ("Home Depot"), Defendant in the above-entitled and numbered action and, by and through its attorney, Arthur K. Smith, and files this Original Answer to Plaintiff's Complaint (the "Complaint") and would respectfully show unto the Court as follows:

### JURISDICTION AND VENUE

1.     Home Depot is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 1 of the Complaint.

2.      Home Depot admits the allegations of material fact contained in paragraph 2 of the Complaint.

3.      Home Depot admits the allegations of material fact contained in paragraph 3 of the Complaint.

4.      For answer to paragraph 4 of the Complaint, Home Depot states that this paragraph of the Complaint asserts propositions of law to which no answer is required. However, to the extent that an answer is required, the allegations are denied as they are also vague, and not specific enough to permit Home Depot to know how the terms "reasonable care" and "its equipment" used in the paragraph are defined.

5.      For answer to paragraph 5 of the Complaint, Home Depot states that this paragraph of the Complaint asserts propositions of law to which no answer is required. However, to the extent that an answer is required, the allegations are denied as they are also vague, and not specific enough to permit Home Depot to know how the terms "properly train" and "safe operation of equipment" used in the paragraph are defined and/or limited.

6.      Home Depot is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 6 of the Complaint.

7.      Home Depot is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 7 of the Complaint.

## II.
## FIRST CLAIM FOR RELIEF
(Negligence)

8.      For answer to paragraph 8 of the Complaint, Home Depot would incorporate by reference its responses to paragraphs 1 through 7 of Plaintiff's Complaint as if those responses were set forth in full.

9.      Home Depot denies the allegations of material fact contained in paragraph 9 of the Complaint.

10.     Home Depot denies the allegations of material fact contained in paragraph 10 of the Complaint.

11.     For answer to paragraph 11 of the Complaint, Home Depot states that the allegations in this paragraph of the Complaint are so vague that they lack certain meaning and therefore prevent Home Depot from knowing what the effect of any admission would be. Accordingly, Home Depot denies the allegations of material fact contained in paragraph 11 of the Complaint.

12.     For answer to paragraph 12 of the Complaint, Home Depot states that this paragraph of the Complaint asserts propositions of law to which no answer is required. However, to the extent that an answer is required, the allegations are denied as they are also vague, and not specific enough to permit Home Depot to know how the terms "duty of care" and "its equipment" used in the paragraph are defined.

13.     Home Depot denies the allegations of material fact contained in paragraph 13 of the Complaint.

14.     Home Depot denies the allegations of material fact contained in paragraph 14 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Statutory Premises Liability Pursuant to C.R.S. 13-21-115)

15.     For answer to paragraph 15 of the Complaint, Home Depot would incorporate by reference its responses to paragraphs 1 through 14 of Plaintiff's Complaint as if those responses were set forth in full.

16. Home Depot admits the allegations of material fact contained in paragraph 16 of the Complaint.

17. For answer to paragraph 17 of the Complaint, Home Depot states that this paragraph of the Complaint asserts propositions of law to which no answer is required. However, to the extent that an answer is required, Home Depot admits that members of the general public who are on its premises for the purposes of shopping for merchandise are considered "invitees" in accordance with C.R.S. 13-21-115. Otherwise, the allegations are denied.

18. For answer to paragraph 18 of the Complaint, Home Depot states that this paragraph of the Complaint asserts propositions of law to which no answer is required. However, to the extent that an answer is required, the allegations are denied.

19. Home Depot denies the allegations of material fact contained in paragraph 19 of the Complaint.

20. Home Depot denies the allegations of material fact contained in paragraph 20 of the Complaint.

21. To the extent not admitted herein, Home Depot denies all of the allegations of material fact contained in the Complaint.

22. Home Depot denies that Plaintiff is entitled to any of the relief for which he prays.

## AFFIRMATIVE DEFENSES

23. Home Depot specifically avails itself of those defenses as are contained and created pursuant to C.R.S. §13-21-401 *et seq.,* including but not limited to C.R.S. §13-21-403 (Presumptions) and C.R.S. §13-21-406 (Comparative fault as measure of damages).

24. Home Depot affirmatively asserts that Plaintiff may have assumed the risk of injury or damage by voluntarily or unreasonably exposing himself to injury or damage with

knowledge or appreciation of the danger and risk involved, as set forth in C.R.S. §13-21-111.7 (Assumption of Risk).

25. Although Home Depot expressly denies any wrongdoing in this matter, Plaintiff is hereby notified that any judgment against Home Depot is limited to the degree of negligence or fault attributable to it, pursuant to C.R.S. § 13-21-111.5. Home Depot reserves the right to designate non-parties, pursuant to C.R.S. § 13-21-111.5(3)(b).

26. To the extent Plaintiff has sustained any injuries and/or damages, which Home Depot either denies or is without sufficient information, Plaintiff's medical treatment, if any, may not have been reasonably or necessary, or incurred as a result of conditions caused by the incident complained of herein.

27. To the extent Plaintiff has sustained any injuries and/or damages, which Home Depot either denies or is without sufficient information, those injuries and/or damages may be due to pre-existing conditions for which Defendant bears no responsibility.

28. Any and all non-economic damages, if any, shall be subject to the provision of C.R.S. §13-21-102.5.

29. Any damages awarded in this case shall be reduced pursuant to C.R.S. §13-21-111.6.

30. Defendant Home Depot gives notice that it intends to rely upon and invoke any other defense or cross-claim that may become available or appear during the proceeding in this case and are serves its rights to amend this Answer and to assert a cross-claim, if appropriate, to include such additional defenses and affirmative actions.

WHEREFORE, Defendant Home Depot U.S.A., Inc. respectfully prays that Plaintiff take nothing by this action, and that Defendant Home Depot U.S.A., Inc. be dismissed with its costs and with any and all other relief to which it may be justly entitled.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted this 10th day of April, 2013.

LAW OFFICES OF ARTHUR K. SMITH,
A Professional Corporation

By:_____/s/  Arthur K. Smith_____
Arthur K. Smith
Counsel for Defendant
Home Depot U.S.A., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed via LexisNexis File & Serve and/or facsimile this 10th day of April, 2013, and served on the following:

David W. Krivit
Bachus & Schanker, L.L.C.
1899 Wynkoop Street
Suite 700
Denver, CO  80202

_____/s/  Arthur K. Smith_____
Arthur K. Smith

In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.

158913.541\Original Answer