IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01762-CMA-KLM

MICHAEL LEVY,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., doing business as The Home Depot, doing business as Home Depo Co USA,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Expert Disclosures, and Brief in Support Thereof** [#15] (the "Motion"). Defendant argues that Plaintiff's expert disclosures should be stricken because Plaintiff designated more than the permissible number of experts under the Scheduling Order [#14]; that Plaintiff's designation of his treating physicians should be stricken or limited because Plaintiff failed to produce expert reports as required by Fed. R. Civ. P. 26(a)(2)(B); and that Plaintiff's non-retained expert disclosures fail to comply with Fed. R. Civ. P. 26(a)(2)(C), which requires a party to state the subject matter on which the witness is expected to present evidence. Defendant, however, has failed to follow Magistrate Judge Mix's discovery dispute procedures. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#15] is **DENIED without prejudice**.

    IT IS FURTHER **ORDERED** that no party shall file a contested discovery motion before following Magistrate Judge Mix's discovery dispute procedure are as follows:

*Step 1*:    Counsel must meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

        **If the dispute relates to <u>taking</u> a deposition, see *Step 2.A.* below. If the dispute relates to written discovery, see *Step 2.B.* below. If the dispute**

**relates to any other type of discovery issue, see *Step 2.C.* below.**

<u>Step 2.A.</u>: If the dispute about taking a deposition is not resolved, counsel for the party seeking the protective order must send an email addressed to Mix_Chambers@cod.uscourts.gov ***and*** to opposing counsel stating that the parties have a dispute about taking a deposition. The email must also contain the case number, the name of the party seeking the protective order, and the name of the deponent. *The email should not contain argument about the merits of the discovery issue.* The deposition shall be stayed pursuant to Local Rule 30.2A when the email is sent. The Court will contact counsel within three (3) court business days to set a hearing on the dispute. The stay of the deposition shall remain in effect until the Court issues its ruling.

<u>Step 2.B.</u>: If the dispute about written discovery (requests for production, interrogatories, etc.) is not resolved, the moving party must complete the written discovery dispute chart in the form attached. The moving party must send the chart, the disputed discovery requests and the disputed responses to opposing counsel and to the Court at Mix_Chambers@cod.uscourts.gov. The Court will contact counsel within three (3) court business days to set a hearing on the dispute.

<u>Step 2.C.</u>: If a dispute does not involve written discovery and is not resolved through conferral with opposing counsel, counsel then must agree on a mutually convenient time to call the Court for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement. Call 303-335-2770.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

| | |
|---|---|
| *Step 3*: | When counsel call the Court for the discovery hearing, the Court may determine, off the record, whether the issue is appropriate for immediate adjudication.  If not, the Court will set the matter for a hearing at a mutually convenient date and time in the future. |
| *Step 4*: | If the matter is appropriate for immediate adjudication, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future. |
| **Warnings:** | **The discovery dispute process outlined above may be your only opportunity to present legal authority supporting your position to the Court.  Hence, be prepared to do so at the time of the hearing.**<br><br>**Filing a disputed discovery motion without permission from the court *will* result in the motion being stricken, and *may* result in the imposition of sanctions.  To the extent that these procedures conflict with the Local Rules of the Court, these procedures take priority over the Local Rules.** |

Dated:  February 18, 2014